Meena Pallipamu, WSBA #31870
Meena Pallipamu Immigration Law, PLLC
8201 164th Ave. NE, Ste. 200
Redmond, WA 98052
(206) 419-7332
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Eduardo Aguirre Esparza

In ICE Custody, Location unknown

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of
Homeland Security;

DAVID VENTURELLA, Acting Director,
U.S. Immigration   and Customs
Enforcement;

MARCOS CHARLES, Acting Executive
Associate Director,  ICE Enforcement and
Removal Operations;

and

TODD    BLANCHE,   Acting    Attorney
General of the United States,

all in their official capacity

Defendants.

Civil Action No. 2:26-CV-2622

**PETITION FOR WRIT OF HABEAS CORPUS AND
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

**MEMORANDUM OF LAW IN SUPPORT**

**(EMERGENCY FILING — REMOVAL FLIGHT ON GROUND AWAITING DEPARTURE**

**PART ONE: PETITION FOR WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241**

Petitioner Eduardo Aguirre Esparza, by and through his counsel of record, Meena Pallipamu, Esq., WSBA #31870, respectfully petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and in support thereof alleges as follows:

**I.  THE PARTIES**

1.  Petitioner Eduardo Aguirre Esparza is a citizen and national of Mexico and an alien within the meaning of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. He has resided continuously in the United States since October 2002. He is currently held in the custody of Respondents aboard an ICE Air removal flight that departed the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington at approximately 2:00 a.m. on July 25, 2026, and is believed to be making stops within the United States to board additional detainees before departing for Mexico. His precise current location has been concealed from his counsel by Respondents.

2.    Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security, sworn in on March 24, 2026. He exercises ultimate supervisory authority over ICE and over Petitioner's custody and removal. His principal office is in Washington, D.C.

3.    Respondent David Venturella is the Acting Director of U.S. Immigration and Customs

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

2

Enforcement, serving since May 2026. He has supervisory authority over ICE removal operations. His principal office is in Washington, D.C.

4.   Respondent Marcos Charles is the Acting Executive Associate Director of ICE Enforcement and Removal Operations, the division directly responsible for Petitioner's detention and removal. His principal office is in Washington, D.C.

5.   Respondent Todd Blanche is the Acting Attorney General of the United States, serving since April 2, 2026. His principal office is in Washington, D.C.

6.   Each Respondent is sued in his official capacity. Each maintains his principal office in this District and exercises supervisory authority over Petitioner's custody and imminent removal.

## II.  JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction under 28 U.S.C. § 2241(a) and (c)(3), authorizing federal courts to grant writs of habeas corpus to persons held in custody in violation of the Constitution or laws of the United States. *See INS v. St. Cyr*, 533 U.S. 289, 305 (2001); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas jurisdiction extends to challenges to imminent removal. *Boumediene v. Bush*, 553 U.S. 723, 771 (2008).

8.   Venue is proper in this District because Respondents maintain their principal offices here and

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

3

exercise national supervisory authority over Petitioner's custody. Where no single district of confinement is ascertainable, venue lies where the highest-level custodian is located. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039–40 (D.C. Cir. 1998). Respondents have affirmatively concealed Petitioner's location and maintain false data in their official detainee tracking system, making the district of confinement impossible to determine. *See Boumediene*, 553 U.S. at 771.

9.    This Court has authority to issue ancillary emergency relief, including a Temporary Restraining Order, under Fed. R. Civ. P. 65 and its general equitable powers to preserve the status quo and ensure the writ remains meaningful.

## III.  FACTUAL ALLEGATIONS

**A.  Petitioner's Background, Continuous Residence, and Absence of Criminal History.**

10.   Petitioner entered the United States without inspection near Calexico, California, in October 2002. He has resided continuously in the United States for nearly twenty-four years, living and working in the Seattle, Washington area throughout that time. He is a skilled contractor who has supported himself and contributed to his community. He has no criminal history of any kind in the United States or Mexico — no arrests, charges, or convictions.

**B.  Petitioner's Marriage to a United States Citizen.**

Petition for Writ of Habeas Corpus and Emergency TRO; Memo in Support of Law

11.   On July 31, 2024, Petitioner married Stacey Anne Fitzpatrick in a civil ceremony, followed by an intimate celebration at their home in Seattle, Washington in August 2024. Their marriage is bona fide. Ms. Fitzpatrick is a United States citizen and a licensed attorney, admitted to the Washington State Bar, and an officer of the court.

12.   Ms. Fitzpatrick is the sole caregiver for her elderly mother, who has progressive dementia. She shares custody of her fourteen-year-old daughter, Fiona, with Fiona's father. She suffers from treatment-resistant hypertension, hyperlipidemia, osteoporosis, and clinically diagnosed anxiety disorder, and has a family history of early stroke. She cannot relocate to Mexico. Her treating therapist, Morgan Mabus, LSWAIC, has opined in writing that forced separation from Petitioner would be 'emotionally devastating and comparable to experiencing a death or profound loss' and would 'significantly impair [her] emotional functioning.'

**C.   Approved I-130 Petition and Pending I-601A Waiver.**

13.   Ms. Fitzpatrick filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf, which USCIS approved on December 9, 2025. All National Visa Center fees have been paid.

14.   On June 3, 2026, counsel filed a Form I-601A, Application for Provisional Unlawful Presence Waiver (USCIS Case No. CDJ2025853201), supported by a comprehensive hardship submission. That application was received by USCIS and remains pending and unadjudicated as

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

5

of this filing.

15.   Petitioner's only statutory barrier to an immigrant visa and lawful permanent residence is his accrual of unlawful presence — the precise ground addressed by his pending I-601A. As the immediate-relative spouse of a U.S. citizen, Petitioner is entitled to a visa without numerical limitation under 8 U.S.C. § 1151(b)(2)(A)(i) once his waiver is approved. No immigration court has ever adjudicated his eligibility for adjustment of status or any other form of relief.

**D.   Petitioner's Arrest, Detention, and Transfers.**

16.   On July 23, 2026, at approximately 3:00 p.m., ICE officers arrested Petitioner in Seattle, Washington. He was transported to the Tukwila ICE processing facility for intake and subsequently transferred to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

17.   As of the attorney-client meeting on July 24, 2026, Petitioner had not been served with a Notice to Appear ("NTA") or a Form I-213 Record of Deportable Alien. Accordingly, counsel has been unable to determine the charges against Petitioner or the legal basis for his arrest and detention. Petitioner was transferred back to the Tukwila facility and then returned again to NWIPC following the July 24 meeting, without notice to counsel.

18.   Petitioner was not afforded a bond hearing before an immigration judge at any point

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

6

following his arrest. No immigration judge has made any individualized determination as to danger to the community or flight risk.

**E.  Petitioner's Disappearance and Respondents' Concealment.**

19.    At approximately 2:00 a.m. on July 25, 2026, Petitioner was removed from NWIPC and placed aboard an ICE Air removal flight. Counsel was given no notice. No ICE officer or official contacted counsel to advise that her client had been moved or placed on a removal flight.

20.    On July 25, 2026, at approximately 11:00 a.m., counsel Meena Pallipamu and Petitioner's wife Stacey Anne Fitzpatrick arrived at NWIPC to visit Petitioner. The GEO facility guards informed them that Petitioner had departed on an ICE Air flight at approximately 2:00 a.m. that morning. The guards stated that the flight was bound for Mexico but that it would make stops at multiple U.S. locations to board additional detainees before its final departure from the United States. ICE's official detainee locator, as of the time of this filing, continues to show Petitioner's status as 'released' from NWIPC — providing no current facility, no current location, and no custodian information whatsoever.

21.    Counsel has made the following efforts to locate Petitioner: repeated queries to the ICE detainee locator system; direct discussions with GEO guards at NWIPC; emails to the Seattle ICE Field Office Enforcement and Removal Operations; and outreach to the Office of United States Senator Patty Murray (D-WA), which is now actively engaged in this matter. *See* Exhibit A

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

Declaration of Meena Pallipamu (Attorney Demand Letter to ERO, dated July 25, 2026). Despite these efforts, Respondents have not disclosed Petitioner's current location, the identity of the aircraft or facility in which he is held, or the name of his immediate custodian.

**F.  ICE's Documented Pattern of Strategic Transfer to Defeat Habeas Jurisdiction.**

22.    The circumstances of Petitioner's case reflect a documented, widespread pattern of ICE transferring detainees across multiple facilities and onto removal flights to outpace counsel access and forestall habeas jurisdiction. Federal courts have issued more than 4,400 rulings against unlawful immigration detention since October 2025. Courts have specifically found that ICE has transferred detainees to distant facilities even after courts issued hold-in-place orders. The Western District of Washington alone has processed over 1,162 immigration habeas petitions since January 2025, a surge that directly correlates with accelerating ICE enforcement operations in this region. *See* WDWA Habeas Docket Analysis (July 12, 2026). When ICE denies detainees access to their attorneys and transfers them to defeat habeas jurisdiction, courts have found due process violations and ordered access and return. *See Advocates for Human Rights v. DHS* (D. Minn. Feb. 12, 2026).

23.   The pattern in this case — arrest, rapid cycling between facilities, brief attorney contact, pre-dawn transfer to a removal flight without notice to counsel, and an official tracking system that now shows Petitioner as merely 'released' with no location data — is precisely the conduct that courts have recognized as deliberate obstruction of the right to seek habeas corpus. This Court has

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

both the authority and the constitutional duty to act.

## IV.  CLAIMS FOR RELIEF

**CLAIM ONE — Fifth Amendment Due Process**

**(Removal Without Any Merits Hearing or Bond Hearing)**

24.  Petitioner incorporates by reference all preceding paragraphs.

25.   The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. *Zadvydas*, 533 U.S. at 693–94. Due process requires, at minimum, a meaningful opportunity to be heard before an impartial adjudicator before a person is deported — the constitutional equivalent of banishment. *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982); *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948). Petitioner has never been afforded a bond hearing or a merits hearing. He has not been served an NTA. He has not been told the legal basis for his detention. His removal under these circumstances is unconstitutional.

**CLAIM TWO — Suspension Clause / 28 U.S.C. § 2241**

**(Concealment of Location / Obstruction of Habeas Rights)**

26.  Petitioner incorporates by reference all preceding paragraphs.

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

27.   The Suspension Clause prohibits the government from rendering the writ of habeas corpus inadequate or ineffective. *Boumediene*, 553 U.S. at 771. By concealing Petitioner's location from his attorney, maintaining an official tracking system that shows him as 'released' with no location data, and placing him on a removal flight at 2:00 a.m. without notice to counsel, Respondents have acted to make habeas relief impossible. That is a violation of the Suspension Clause and 28 U.S.C. § 2241. This Court has inherent authority to compel disclosure of Petitioner's location. *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004).

**CLAIM THREE — Right to Counsel / 8 C.F.R. § 292.5(b)**

**(Denial of Attorney Access)**

28.   Petitioner incorporates by reference all preceding paragraphs.

29.   A detained noncitizen has the right to communicate with and be represented by counsel. 8 C.F.R. § 292.5(b). Respondents' transfer of Petitioner to an undisclosed location without notice to his attorney of record — immediately after counsel had conferred with him — violates this regulatory and constitutional right. The denial of attorney access to a detained client constitutes irreparable harm. *Advocates for Human Rights v. DHS* (D. Minn. Feb. 12, 2026).

**CLAIM FOUR — Statutory Rights Under the INA**

**(Removal During Pending USCIS Proceedings Without NTA or Charges)**

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

10

30.  Petitioner incorporates by reference all preceding paragraphs.

31.   As the immediate-relative spouse of a U.S. citizen, Petitioner has a statutory right to pursue adjustment of status under 8 U.S.C. §§ 1151(b)(2)(A)(i) and 1255. His I-130 was approved December 9, 2025. His I-601A is pending. He has not been served an NTA and has not been informed of the charges or legal basis for his removal. Removal before service of an NTA, before adjudication of his pending waiver, and without any merits hearing violates the INA and deprives Petitioner of the statutory rights Congress established for persons in his situation.

**CLAIM FIVE — Unlawful Detention Without Bond Hearing**

32.  Petitioner incorporates by reference all preceding paragraphs.

33.   Petitioner has been detained since July 23, 2026 without any bond hearing before an immigration judge. No individualized determination of danger or flight risk has been made. Given Petitioner's twenty-three-year continuous residence, absence of any criminal history, U.S. citizen spouse, and pending USCIS proceedings, his detention and removal without a bond hearing violates due process and applicable provisions of the INA. *See, Singh v. Holder*, 638 F.3d 1196, 1200–02 (9th Cir. 2011).

**V.   PRAYER FOR RELIEF (PETITION)**

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

WHEREFORE, Petitioner respectfully petitions this Court to:

1.    Issue a Writ of Habeas Corpus directing Respondents to show cause why Petitioner's detention and imminent removal are lawful;

2.    Issue an emergency Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) enjoining Respondents from removing Petitioner from the United States;

3.    Order Respondents to immediately disclose Petitioner's current location to counsel and to this Court;

4.    Order Respondents to immediately halt any removal flight carrying Petitioner and return him to a fixed detention facility within the continental United States;

5.    Order immediate restoration of attorney access;

6.    Order that Petitioner may not be removed until he has been afforded a bond hearing, a full merits hearing, and exhaustion of all appeals; and

7.    Grant such other relief as this Court deems just and proper.

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

## PART TWO: EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF LAW IN SUPPORT

## I.  INTRODUCTION

Petitioner Eduardo Aguirre Esparza moves this Court for an immediate Temporary Restraining Order enjoining Respondents from removing him from the United States and directing them to disclose his present location forthwith. This is an emergency of the highest order. As of this filing, Petitioner is aboard an ICE Air removal flight that departed the Northwest ICE Processing Center in Tacoma, Washington at approximately 2:00 a.m. on July 25, 2026. The flight is making stops within the United States to board additional detainees before its final departure for Mexico. It has not yet left U.S. airspace. Respondents have placed Petitioner on that flight without notice to his attorney, without serving him with a Notice to Appear or any charging document, without affording him a bond hearing, and without ever allowing any court to adjudicate his eligibility for relief.

When counsel Meena Pallipamu and Petitioner's U.S. citizen wife Stacey Anne Fitzpatrick — herself a licensed Washington State attorney and officer of this court — arrived at NWIPC on July 25, 2026 at 11:00 a.m. to visit Petitioner, GEO facility guards confirmed that he had been placed on an ICE Air flight at 2:00 a.m. and was gone. ICE's own detainee locator now shows Petitioner's status as 'released' from NWIPC — a designation that conceals rather than discloses his actual location. His attorney does not know where he is. His wife does not know where he is.

Petition for Writ of Habeas Corpus and Emergency TRO; Memo in Support of Law

This Court is the only institution with the authority to stop what is about to happen.

Petitioner is a twenty-three-year resident of the United States. He is the spouse of a U.S. citizen. USCIS approved his I-130 petition on December 9, 2025. His I-601A waiver was filed fifty-two days ago and remains pending. He has no criminal history. He has never received a merits hearing before any tribunal. The flight has not departed the United States. There is still time. This Court must act now.

## II.  JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241. See Zadvydas v. Davis, 533 U.S. 678, 687–88 (2001); INS v. St. Cyr, 533 U.S. 289, 305 (2001); Boumediene v. Bush, 553 U.S. 723, 771 (2008). The Court has authority to issue a TRO under Fed. R. Civ. P. 65(b). Venue is proper in this District because Respondents — the Secretary of DHS and the Acting Director of ICE — maintain their principal offices here and because Respondents' concealment of Petitioner's location renders the district of confinement unascertainable. Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039–40 (D.C. Cir. 1998). To dismiss for improper venue where the government has itself made venue impossible to identify would reward deliberate constitutional obstruction. Boumediene, 553 U.S. at 771.

## III.  LEGAL STANDARD

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

14

A TRO requires: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) the balance of equities favors the movant; and (4) relief is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). In this Circuit, the sliding-scale approach permits a TRO where the balance of hardships is extreme and serious questions are raised on the merits. Davis v. Pension Benefit Guar. Corp., 571 F.3d 1288, 1291–92 (D.C. Cir. 2009). In immigration cases, these factors substantially track the stay-of-removal standard, which instructs courts to give 'significant weight' to preventing irreversible harm. Nken v. Holder, 556 U.S. 418, 432–36 (2009). Once a noncitizen is removed, the Court loses all practical ability to provide effective relief. Id. at 435.

## IV.   ARGUMENT

### A.   Petitioner Is Likely to Succeed on the Merits.

**1.    Removal Without Any Merits Hearing, Bond Hearing, or Service of Charges Violates the Fifth Amendment.**

The Fifth Amendment's due process guarantee applies to all persons, including noncitizens facing removal. *Zadvydas*, 533 U.S. at 693–94. At minimum, due process requires a meaningful opportunity to be heard before an impartial adjudicator. *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982). Deportation is 'a drastic measure and at times the equivalent of banishment or exile' that demands full procedural protection. *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948).

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

Here, Respondents have not even served Petitioner with a Notice to Appear. Counsel met with Petitioner on July 24, 2026 and confirmed he had received neither an NTA nor a Form I-213. Petitioner does not know the charges against him. He has not had a bond hearing. No immigration judge has ever evaluated his case. And yet, the government has placed him on a plane bound for Mexico at 2:00 in the morning. The absence of any charging document, bond hearing, or merits adjudication renders this removal a due process violation of the clearest kind.

**2.      Petitioner Has an Approved I-130 and a Pending I-601A That Have Never Been Adjudicated by Any Court.**

As the immediate-relative spouse of a U.S. citizen, Petitioner is entitled under 8 U.S.C. §§ 1151(b)(2)(A)(i) and 1255 to pursue adjustment of status. USCIS approved his I-130 on December 9, 2025. His I-601A, filed June 3, 2026, is pending. His only barrier to lawful permanent residence is unlawful presence — the issue his pending waiver directly addresses. No court has ever reviewed these facts. Removal before USCIS adjudicates his pending waiver renders the congressional I-601A process a nullity for detained noncitizens — a result plainly inconsistent with congressional intent. This presents, at minimum, serious questions on the merits. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011); *Davis*, 571 F.3d at 1291–92.

**3.    Concealment of Petitioner's Location Is an Independent Constitutional Violation.**

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

16

The Suspension Clause, U.S. Const. art. I, § 9, cl. 2, prohibits the government from rendering the writ of habeas corpus inadequate or ineffective. *Boumediene*, 553 U.S. at 771. ICE's official detainee locator shows Petitioner's status as 'released' from NWIPC — providing no current location, no facility, no custodian. This false data, combined with the pre-dawn transfer to an undisclosed removal flight without notice to counsel, constitutes deliberate obstruction of habeas rights. This Court has inherent authority under § 2241 to compel disclosure of a detainee's location as ancillary to the exercise of habeas jurisdiction. Rasul v. Bush, 542 U.S. 466, 483–84 (2004). The denial of attorney access to a detained client is itself a due process violation warranting immediate relief. *Advocates for Human Rights v. DHS* (D. Minn. Feb. 12, 2026).

**4.   This Court Retains § 2241 Jurisdiction Notwithstanding Transfer to a Removal Aircraft.**

Petitioner remains in continuous federal custody. That custody does not evaporate because it has been moved to an aircraft. *INS v. St. Cyr*, 533 U.S. at 314; *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Singh v. Holder*, 638 F.3d 1196, 1200–02 (9th Cir. 2011). The Secretary of Homeland Security and the Acting Director of ICE — both in this District — retain the authority to order the flight halted and Petitioner returned at any moment. Jurisdiction is proper here.

**B.   Petitioner Will Suffer Irreparable Harm Absent Immediate Relief.**

The irreparable harm factor is overwhelmingly satisfied. Once the flight departs U.S. airspace: (1)

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

17

this Court loses all practical ability to grant effective relief — the writ becomes meaningless, Nken, 556 U.S. at 435; (2) Petitioner is subjected to a ten-year statutory reentry bar, 8 U.S.C. § 1182(a)(9)(A)(ii), permanently foreclosing his pathway to lawful permanent residence; (3) his pending I-601A, filed fifty-two days ago, is rendered moot; and (4) his U.S. citizen spouse — a Washington State-barred attorney who is the sole caregiver for her mother with progressive dementia, shares custody of a minor child, suffers from treatment-resistant hypertension and clinically diagnosed anxiety, and cannot relocate to Mexico — is left without the emotional, medical, financial, and practical support of her husband. Her treating therapist has opined in writing that separation would be 'emotionally devastating and comparable to experiencing a death or profound loss.' Forced family separation of this nature constitutes irreparable harm. *Leiva-Perez v. Holder*, 640 F.3d 962, 969–70 (9th Cir. 2011). None of these injuries can be undone after the flight departs.

## C.   The Balance of Equities Tips Sharply in Petitioner's Favor.

Petitioner faces permanent family separation, the permanent destruction of his statutory immigration pathway, and the elimination of all judicial remedy. The government faces only a brief pause in executing one removal. These factors merge when the government is the opposing party. *Nken*, 556 U.S. at 435. There is 'a public interest in preventing aliens from being wrongfully removed.' Id. at 436. The government has no cognizable interest in the immediate removal of a noncitizen who has never been served with charges, has never had a bond hearing, and whose USCIS waiver application is pending. A brief pause imposes no meaningful burden.

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

The balance is overwhelmingly in Petitioner's favor.

## D.   A TRO Is in the Public Interest.

'It is always in the public interest to prevent the violation of a party's constitutional rights.' *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). The public interest is served by: ensuring that the government serves charging documents before deporting someone; ensuring that bond hearings are held; ensuring that USCIS proceedings are not short-circuited by pre-dawn removal flights; and ensuring that courts retain the ability to check ICE's documented pattern of transfers designed to defeat judicial review. Senator Patty Murray's office has engaged on this matter and has been fully briefed. Congressional oversight reflects the same public interest this Court is asked to protect. The public interest strongly favors issuance of the TRO.

## V.   PRAYER FOR RELIEF (TRO MOTION)

WHEREFORE, Petitioner respectfully moves this Court to:

1.    Issue an immediate TRO enjoining Respondents, their officers, agents, employees, and all persons acting in concert with them, from removing Petitioner Eduardo Aguirre Esparza, A235-278-796, from the United States until further Order of this Court;

2.    Order Respondents, within two (2) hours of service, to file with this Court and serve on

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

counsel a sworn written notice disclosing: (a) Petitioner's current location; (b) the identity of the aircraft, facility, or vessel in which he is held; (c) the origin, flight identifier, and intended destination of any removal flight; and (d) the name and contact of Petitioner's immediate custodian;

3.   Order Respondents to immediately prevent any removal flight carrying Petitioner from departing the United States, remove Petitioner from any such flight, and return him to a fixed ICE detention facility within the continental United States;

4.   Order Respondents to provide counsel with unimpeded telephonic access to Petitioner within one (1) hour of service of this Order, and in-person access within twenty-four (24) hours;

5.   Issue an Order to Show Cause why a writ of habeas corpus should not issue requiring that Petitioner receive a bond hearing, a full merits hearing, and service of all charging documents before any removal may be executed;

6.   Prohibit removal of Petitioner unless and until he has been served with an NTA, afforded a bond hearing, received a full merits hearing on all available relief, and any adverse decision has been fully appealed;

7.   Award attorneys' fees and costs under 28 U.S.C. § 2412; and

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law

8.   Grant such other relief as this Court deems just and proper.

Dated: July 25, 2026

Respectfully submitted,

_____

**Meena Pallipamu**

WSBA #31870 | Admitted, U.S. District Court for the District of Columbia
Meena Pallipamu Immigration Law PLLC
8201 164th Ave. NE, Suite 200 | Redmond, WA 98052
(206) 960-5810 | meena@meenaimmigrationlaw.com

Attorney for Petitioner Eduardo Aguirre Esparza

Petition for Writ of Habeas Corpus and Emergency
TRO; Memo in Support of Law