Exhibit A

Meena Pallipamu, WSBA #31870
Meena Pallipamu Immigration Law, PLLC
8201 164th Ave. NE, Ste. 200
Redmond, WA 98052
(206) 419-7332
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eduardo Aguirre Esparza<br><br>In ICE Custody, Location unknown<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security;<br><br>DAVID VENTURELLA, Acting Director, U.S. Immigration   and Customs Enforcement;<br><br>MARCOS CHARLES, Acting Executive Associate Director,  ICE Enforcement and Removal Operations;<br><br>and<br><br>TODD   BLANCHE,   Acting   Attorney General of the United States,<br><br>all in their official capacity<br><br>        Defendants. | Civil Action No.2:26-CV-2622<br><br><br>**DECLARATION OF MEENA PALLIPAMU IN SUPPORT OF PETITION FOR HABEAS CORPUS AND EMERGENCY TEMPORARY RESTRAINNG ORDER** |

**DECLARATION OF MEENA PALLIPAMU**

I, Meena Pallipamu, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am an attorney duly licensed to practice law in the State of Washington, WSBA # [31870] and admitted to practice in the District Court for the District of Columbia. I am the principal attorney at Meena Pallipamu Immigration Law PLLC, 8201 164th Ave. NE, Suite 200, Redmond, WA 98052. I have personal knowledge of all facts stated in this declaration except those stated on information and belief, which I believe to be true. I submit this declaration in support of Petitioner Eduardo Aguirre Esparza's Emergency Motion for a Temporary Restraining Order.

2.  Eduardo Aguirre Esparza, A235-278-796, is my client. I represent him in connection with his immigration matter. He has an approved I-130, filed by his US Citizen spouse, on December 9, 2025. I am also representing him for his pending Form I-601A, Application for Provisional Unlawful Presence Waiver, USCIS Case No. CDJ2025853201, filed June 3, 2026, which remains pending and unadjudicated. Mr. Aguirre Esparza is the spouse of Stacey Anne Fitzpatrick, a United States citizen, also a WA State- barred attorney and officer of the court. He has no criminal history in the United States or Mexico. No immigration court has ever adjudicated his eligibility for any form of relief from removal.

3.  On July 23, 2026, at approximately 3:00 p.m., Mr. Aguirre Esparza was taken into ICE custody in Seattle, Washington. I was informed of his arrest by his wife, Stacey Anne Fitzpatrick. Following his arrest, Mr. Aguirre Esparza was transported to the Tukwila, Washington ICE processing facility for intake and booking, and was subsequently transferred to the Northwest ICE

Declaration of Meena Pallipamu

2

Processing Center in Tacoma, Washington ("Tacoma Detention Center").

4.   On July 24, 2026, I was permitted to meet with Mr. Aguirre Esparza at the Tacoma Detention Center. I conferred with him regarding his case, his pending I-601A waiver application, and his legal options. Following our meeting, without prior notice to me, Mr. Aguirre Esparza was transferred back to the Tukwila facility and then returned again to the Tacoma Detention Center. I was not informed of these transfers.

5.   At approximately 2:00 a.m. on July 25, 2026, Mr. Aguirre Esparza disappeared from the Tacoma Detention Center. I was not notified of any transfer, movement, or change in his custody status. No ICE officer or official contacted me to advise me that my client had been moved. Additionally, he had not been served a Notice to Appear or an I-213 at the time of our meeting and I cannot determine the charges against him and grounds for arrest and detention.

6.   Upon learning that Mr. Aguirre Esparza was no longer at the Tacoma Detention Center, I made the following efforts to locate him: the Detainee Locator (maintained by ICE) discussions with GEO guards, emails to Seattle Field Office Enforcement and Removal Operations, and Senator Patty Murray's office. *See* Exhibit 1, Letter to ERO Officers, dated July 25, 2026. Despite these efforts, Respondents have not disclosed to me the location of my client, the facility or aircraft in which he is being held, or any other information identifying his immediate custodian.

Declaration of Meena Pallipamu

7.  I checked ICE's official online detainee locator system for Mr. Aguirre Esparza, Alien Registration Number A235-278-796 numerous. As of the time of this filing, the ICE detainee locator continues to show Mr. Aguirre Esparza as being held at the Tacoma Detention Center. I have confirmed through a source with knowledge of ICE flight operations that this information is false. According to that source, Mr. Aguirre Esparza is currently aboard an ICE Air removal flight on the ground on the U.S. side, waiting to collect additional detainees before departing for Mexico. The flight has not yet departed as of the time of this filing. Respondents are maintaining deliberately inaccurate tracking data while simultaneously concealing my client's location from me.

8.  This is not an isolated circumstance. I am aware through my immigration practice and through the resources of the AILA Washington State Chapter that ICE routinely transfers detainees between multiple facilities — including the Tukwila processing facility and the Tacoma Detention Center — and onto removal flights in rapid succession, in circumstances that make it impossible for counsel to track clients or to file habeas petitions in the district of confinement before removal is executed. Federal courts have issued over 4,400 rulings against unlawful immigration detention since October 2025, and courts have specifically found that ICE has transferred detainees to distant facilities even after courts issued hold-in-place orders. The pattern evident in Mr. Aguirre Esparza's case — arrest, rapid cycling between facilities, brief attorney contact, disappearance at 2:00 a.m., and false tracking data — is consistent with a deliberate practice designed to outpace counsel and habeas jurisdiction.

Declaration of Meena Pallipamu

4

9.   As of the filing of this declaration, I have been effectively prevented from exercising my client's Constitutional right to seek habeas corpus relief. I do not know where my client is. I cannot identify his immediate custodian. I cannot file a habeas petition in the district of confinement because Respondents have made that district impossible to determine. I am filing this petition in the District of Columbia — where the Secretary of Homeland Security and the Acting Director of ICE are located — because it is the only venue available to me.

10.   If the removal flight departs before this Court acts, Mr. Aguirre Esparza will be removed to Mexico, subjected to a ten-year reentry bar, and separated permanently from his U.S. citizen spouse, who is medically vulnerable and depends upon him as her primary source of emotional, practical, and financial support. His pending I-601A waiver application will be rendered moot. No post-removal remedy exists. I respectfully and urgently request that this Court issue relief immediately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Executed on July 25, 2026, in Redmond, Washington.

_____

Meena Pallipamu, WSBA # 31870
Meena Pallipamu Immigration Law PLLC
8201 164th Ave. NE, Suite 200 | Redmond, WA 98052
(206) 960-5810 | meena@meenaimmigrationlaw.com

Declaration of Meena Pallipamu

5

Exhibit 1

# Meena Pallipamu
## Immigration Law PLLC

July 25, 2026

**VIA EMAIL, TELEPHONE, AND ALL AVAILABLE EMERGENCY CHANNELS**

TO:
ICE Seattle Field Office — Field Office Director
ICE Enforcement and Removal Operations (ERO) — National Command
ICE ERO Seattle / Tacoma Operations
Northwest ICE Processing Center, Tacoma, WA — Officer in Charge
U.S. Department of Homeland Security — Office of General Counsel
David Venturella, Acting Director, U.S. Immigration and Customs Enforcement
Marcos Charles, Acting Executive Associate Director, ICE ERO

**RE:    DEMAND FOR IMMEDIATE HALT TO REMOVAL AND RETURN OF
DETAINED CLIENT — EDUARDO AGUIRRE ESPARZA, A235-278-796**

**WRONGFUL REMOVAL IN VIOLATION OF DUE PROCESS, STATUTORY
LAW, AND COUNSEL'S RIGHT OF ACCESS**

**FEDERAL HABEAS CORPUS PETITION FILED IN U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA AND WESTERN DISTRICT OF
WASHINGTON**

To Whom It May Concern and to Each Officer, Agent, and Official Receiving This Letter:

I am the attorney of record for Eduardo Aguirre Esparza, Alien Registration Number

A235-278-796. I write to demand, in the strongest possible terms, that you immediately halt any

removal of my client from the United States, disclose his current location to me without further

8201 164th Ave. NE, Suite 200
Redmond, WA 98052

**phone:** 206-419-7332

**website:** www.meenaimmigrationlaw.com
**email:** meena@meenaimmigrationlaw.com

delay, and return him to a detention facility within the continental United States where he can be provided access to counsel and afforded the due process rights to which he is entitled under the Constitution and laws of the United States.

**Be advised: a Petition for Writ of Habeas Corpus and Emergency Motion for a Temporary Restraining Order will be filed imminently in the United States District Court for the District of Columbia and Western District of Washington. Any person who removes Mr. Aguirre Esparza from the United States after receiving notice of that filing may be subject to contempt of federal court. Any officer who proceeds with this removal in defiance of that petition does so at significant personal and institutional legal risk.**

## I.   THE FACTS OF THIS REMOVAL ARE DEEPLY TROUBLING.

Mr. Aguirre Esparza was detained in Seattle, Washington on July 23, 2026, at approximately 3:00 p.m. He was transferred to the Tukwila ICE processing facility and then to the Northwest ICE Processing Center in Tacoma. I was able to meet with my client on July 24, 2026 — his right as a represented party. Following that meeting, without any notice to me, your agency transferred him back to Tukwila and then again to Tacoma. At approximately 2:00 a.m. on July 25, 2026, my client disappeared from the Tacoma facility and there is no way to locate him to continue to represent his rights with your office and EOIR.

I have checked ICE's own detainee locator. It shows my client is still at the Tacoma facility as of 5:30 p.m. on this day, July 25, 2026. That information is false. GEO informed me that he in ICE custody somewhere inside the U.S., where the flight operators are waiting to collect additional detainees before departing for Mexico. Your agency is maintaining demonstrably false information in its official tracking system while concealing my client's

7

location from his attorney of record. This is not an administrative oversight. It is the deliberate obstruction of legal representation and habeas corpus rights.

## II.    THIS REMOVAL IS UNLAWFUL ON MULTIPLE GROUNDS.

1.    Approved I-130 Petition and Pending I-601A Waiver. Mr. Aguirre Esparza is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by his U.S. citizen wife, Stacey Anne Fitzpatrick, who is also a WSBA licensed attorney and officer of the court. USCIS approved that petition on December 9, 2025. On June 3, 2026 — fifty-two days ago — a Form I-601A, Application for Provisional Unlawful Presence Waiver, was filed with USCIS on his behalf (Case No. CDJ2025853201). That application is currently pending and has not been adjudicated. Mr. Aguirre Esparza's only barrier to lawful permanent residence is his unlawful presence — the exact issue the pending waiver addresses. Your agency is removing a man in the middle of an active USCIS process specifically designed for people in his situation.

2.    No Bond Hearing Was Provided. Mr. Aguirre Esparza was detained and placed in removal proceedings without being afforded a bond hearing before an immigration judge. He has been in the United States for nearly twenty-four years, has no criminal history whatsoever, has deep family and community ties in the Seattle area, is married to a U.S. citizen, and has an active immigration case pending before USCIS. He is precisely the type of individual for whom bond should have been considered. The failure to provide a bond hearing before initiating removal is a deprivation of due process.

3.    No Merits Hearing Has Ever Been Conducted. Not one immigration judge has ever heard Mr. Aguirre Esparza's case. No court has ever evaluated his eligibility for adjustment of status, cancellation of removal, or any other form of relief. The Fifth Amendment to the United States

8

Constitution prohibits the government from deporting a person — the equivalent of banishment — without affording him a meaningful opportunity to be heard. You are attempting to remove my client without ever giving him that opportunity. That is unconstitutional.

4.   Twenty-Three Years of Continuous Residence. Mr. Aguirre Esparza has lived in the United States since October 2002 — nearly twenty-four years. He has built his life, his livelihood, and his family here. He is a skilled contractor who has contributed to his community in Seattle. He has no criminal record. There is no public safety justification for this removal. There is only the government's apparent determination to remove him before the legal process he is entitled to can be completed.

5.   Represented Client — Counsel's Right of Access Violated. I am Mr. Aguirre Esparza's attorney. I met with him on July 24, 2026 and my G-28 is on file with your office via the online filing portal. He is a represented party. Your agency has no lawful authority to transfer my client to an undisclosed location, place him on a removal flight, and refuse to tell me where he is. The right of a detained person to communicate with and be represented by counsel is not optional. It is a constitutional and regulatory requirement. See 8 C.F.R. § 292.5(b) (detained alien shall be permitted to communicate with counsel). Federal courts have found that the denial of attorney access to a detained client constitutes irreparable harm and a due process violation. Your agency's conduct in this case — cycling my client through multiple facilities, then placing him on an undisclosed flight and maintaining false tracking data — is a textbook example of the pattern that courts have condemned.

9

6.  <u>Congressional Oversight — Senator Patty Murray Is Now Involved</u>. I write to inform you unequivocally: the Office of United States Senator Patty Murray (D-WA) is now actively engaged in this matter and is personally looking into the circumstances of Mr. Aguirre Esparza's detention and imminent removal. Senator Murray's office has been fully briefed on the facts — Mr. Aguirre Esparza's twenty-three years of residence in Washington State, his marriage to a U.S. citizen, his approved I-130 petition, his pending I-601A waiver application, his complete absence of any criminal history, his lack of any bond hearing or merits hearing, and your agency's deliberate concealment of his location from his attorney of record. Congressional oversight of executive agency conduct in immigration matters is a serious and consequential matter. Any officer or official who proceeds with this removal knowing that a sitting United States Senator is actively scrutinizing this case — and that a federal habeas petition is pending before the U.S. District Court for the District of Columbia — does so with full awareness of the institutional, legal, and political consequences that will follow. Senator Murray's office expects a response and is coordinating directly with counsel.

## III.  MY DEMANDS ARE AS FOLLOWS:

**1.  HALT THE REMOVAL FLIGHT IMMEDIATELY**. The ICE Air removal flight on which Mr. Aguirre Esparza is currently held must not depart. I demand that you immediately contact ICE Air Operations and instruct them to remove Mr. Aguirre Esparza from that flight before it departs.

**2.  DISCLOSE HIS LOCATION NOW.** I demand that you immediately provide me with the current location of my client — the facility name, address, flight number or identifier, and the

10

name and direct contact information of his immediate custodian. I am his attorney. I am entitled to this information.

**3. RETURN HIM TO A DETENTION FACILITY WHERE I CAN REACH HIM.** Mr. Aguirre Esparza must be returned to a fixed detention facility within the continental United States and I must be given immediate telephonic access to him.

**4. DO NOT REMOVE HIM UNTIL HE HAS RECEIVED A BOND HEARING AND A FULL MERITS HEARING.** Mr. Aguirre Esparza is entitled to a bond hearing before an immigration judge and a full and fair hearing on his eligibility for adjustment of status and all other available relief. He has not had either. He may not lawfully be removed until those processes are complete.

**5. COMPLY WITH THE FEDERAL COURT'S ORDER.** A habeas petition and emergency TRO motion are imminently before the United States District Court for the District of Columbia as of this date. If the Court issues an order, you are legally obligated to comply. Any violation of a federal court order is punishable as contempt.

I request confirmation that the removal flight has been halted and my client's location disclosed, I will seek all available legal remedies, including but not limited to an emergency TRO from the federal district court, notification to the DHS Office of Inspector General, and referral to the DOJ Office of Professional Responsibility. I will also ensure that the full record of your agency's conduct in this matter — the multiple facility transfers, the attorney access denial, and the false detainee locator data — is before every relevant court and oversight authority.

11

Mr. Aguirre Esparza's only violation is entry without inspection. He has lived in this country for nearly twenty-four years, married a United States citizen, filed every form required by law, paid every fee, and cooperated with the immigration process in good faith. He deserves the process the law guarantees him. Stop this removal now.

Sincerely,

**Meena Pallipamu**

cc:   Stacey Anne Fitzpatrick (Client's spouse)

Office of Senator Patty Murray (D-WA)

U.S. District Court for the District of Columbia (via habeas filing)

U.S. District Court for the Western District of Washington (via habeas filing)

DHS Office of Inspector General

12